Appeal No. 14-1465

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

In re:  JEVIC HOLDING CORP., *et al.,* Debtors

---

OFFICIAL COMMITTEE OF UNSECURED CREDITORS on behalf of the
bankruptcy estates of Jevic Holding Corp., *et al.*

v.

CIT GROUP/BUSINESS CREDIT, INC., in its capacity as Agent; SUN CAPITAL
PARTNERS, INC.; SUN CAPITAL PARTNERS IV, LP; SUN CAPITAL
PARTNERS MANAGEMENT IV, LLC.

CASIMIR CZYZEWSKI; MELVIN L. MYERS; JEFFREY OEHLERS;
ARTHUR E. PERIGARD; and DANIEL C. RICHARDS, on behalf of themselves
and all others similarly situated, Appellants

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE, CIV. ACTION NOS. 13-104 and 13-105 (SLR)

---

### JOINT APPENDIX
### VOLUME I of III
### (JA-1 through JA-51)

---

LOIZIDES P.A.
Christopher D. Loizides
1225 King Street, Suite 800
Wilmington, DE 19801
(302) 654-0248

OUTTEN & GOLDEN LLP
Jack A. Raisner
Rene S. Roupinian
3 Park Avenue, 29th Floor
New York, NY  10016
(212) 245-1000

ATTORNEYS FOR CASIMIR CZYZEWSKI, MELVIN L. MYERS, JEFFREY OEHLERS,
ARTHUR E. PERIGARD, AND DANIEL C. RICHARDS

# TABLE OF CONTENTS

## JOINT APPENDIX - VOLUME I

| JA # | D.I. | Date | Description |
|---|---|---|---|
| 1-4 | 24[1] | 2/21/2014 | WARN Claimants' Notice of Appeal to the U.S. Court of Appeals for the Third Circuit |
| 5-8 | 1539 (Bankr. Case No. 08-11006) | 12/18/2012 | WARN Claimants' Notice of Appeal to the U.S. District Court, District of Delaware |
| 9-12 | 79 (Bankr. Adv. Proc. No. 08-51903) | 12/18/2012 | WARN Claimants' Notice of Appeal to the U.S. District Court, District of Delaware |
| 13-21 | 22 | 01/24/2014 | District Court Memorandum Opinion Dismissing Appeal/Affirming Bankruptcy Court Order dated 11/28/2012 |
| 22 | 23 | 01/24/2014 | District Court Order Dismissing Appeal/Affirming Bankruptcy Court Order dated 11/28/2012 |
| [Tr. pp. 1-20] 23-44 | 1519 (Bankr. Case No. 08-11006) | 12/04/2012 | Transcript regarding Bankruptcy Court Hearing Held 11/28/12 re:  ruling on motion to approve settlement. |
| 45-51 | 1520 (Bankr. Case No. 08-11006) | 12/04/12 | Bankruptcy Court Order Granting Joint Motion of the Debtors, CIT, Sun Capital and the Official Committee of Unsecured Creditors for Entry of an Order:  (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing Debtors' Cases Upon Implementation of Settlement; and (III) Granting Related Relief |

---

[1] Unless otherwise indicated, all docket index references in Volume I of the Joint Appendix are to the District Court, Case No. 13-104 (SLR).

# JOINT APPENDIX - VOLUME II

## *Docket Entries from District Court Case No. 13-104 (SLR)*

| JA # | D.I. | Date | Description |
|---|---|---|---|
| 52-65 | 2 | 01/17/2013 | Appellants' Statement of Issues and Designation of Items of Record on Appeal |
| 66-73 | 3 | 01/17/2013 | Joint Counter-Designation of Items to Be Included in the Record on Appeal by the Debtors, CIT, Sun Capital and the Official Committee of Unsecured Creditors |
| 74-112 | 9 | 03/08/2013 | Excerpts from Appellants' Opening Brief (Statement of Issues and Argument sections) |
| 113-173 | 15 | 11/21/2013 | Appellees' Joint Brief in Support of Motion to Dismiss Appeal of Settlement Order as Equitably Moot (including exhibits) |
| 174-294 | 16 | 11/21/2013 | Appendix A to Appellees' Joint Brief in Support of Motion to Dismiss Appeal of Settlement Order as Equitably Moot |
| 295-318 | 19 | 12/12/2013 | Appellants' Memorandum of Law in Opposition to Appellees' Joint Motion to Dismiss Appeal of Settlement Order as Equitably Moot |

## *Bankruptcy Case No. 08-11006 (BLS) Docket Entries*

| JA # | D.I. | Date | Description |
|---|---|---|---|
| 319-360 | 118 | 06/20/2008 | Final Order (I) Authorizing Debtors-In-Possession to Obtain Senior Debtor-In-Possession Financing; (II) Granting Liens, Security Interests and Superpriority Status; (III) Authorizing Use of Cash Collateral; and (IV) Affording Adequate Protection to Prepetition Lenders |
| 361-513 | 1346 | 06/27/2012 | Joint Motion of the Debtors, CIT, Sun Capital, and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of |

| | | | |
|---|---|---|---|
| | | | Settlement; and (III) Granting Related Relief |
| 514-518 | 1353 | 06/28/2012 | Exhibit(s) E relating to Joint Motion of the Debtors, CIT, Sun Capital, and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III) Granting Related Relief |
| 519-552 | 1389 | 07/25/2012 | U.S. Trustee's Objection to Joint Motion of the Debtors, CIT, Sun Capital, and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III) Granting Related Relief |
| 553-584 | 1396 | 07/25/2012 | WARN Claimants' Memorandum of Law in Opposition to the Joint Motion of the Debtors, CIT, Sun Capital, and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III) Granting Related Relief |
| 585-598 | 1460 | 10/09/2012 | Debtor-In-Possession Monthly Operating Report for Filing Period August 1, 2012 - August 31, 2012 |
| 599-615 | 1465 | 10/23/2012 | Supplement to the Joint Motion of the Debtors, CIT, Sun Capital, and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. Sections 105(a), 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and |

| | | | (III) Granting Related Relief |
|---|---|---|---|
| 616-623 | 1479 | 11/07/2012 | WARN Claimants' Objection In Opposition to the Supplement to (1) Joint Motion of Debtors, CIT, Sun Capital, and Official Committee of Unsecured Creditors for Entry of Order (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing Debtors' Cases Upon Implementation of Settlement; and (III) Granting Related Relief; and (2) Debtors' Motion for Entry of Order (A) Authorizing Extension of Use of Cash Collateral, and (B) Granting Adequate Protection |
| 624-649 | 1482 | 11/09/2012 | Reply of Debtors to Objections to the Joint Motion of the Debtors, CIT, Sun Capital and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. Sections 105(a), 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III) Granting related Relief |
| 650-653 | 1483 | 11/09/2012 | Joint Response of the CIT Group/Business Credit, Inc., as Agent, and Sun Capital to Objections to, and Statement in Support of, the Joint Motion of the Debtors, CIT, Sun Capital and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors Cases Upon Implementation of Settlement; and (III) Granting Related Relief |
| 654-678 | 1484 | 11/09/2012 | Response of the Official Committee of Unsecured Creditors to the Objections to Motion for Approval of Settlement Agreement and Dismissal of the Debtors' Chapter 11 Cases |
| 679-681 | 1506 | 11/19/2012 | WARN Claimants' Letter to Court to clarify position re In re Digital Domain Media. |
| 682-708 | 1545 | 01/02/2013 | WARN Claimants' Motion for Stay Pending Appeal |

| 709-729 | 1552 | 01/10/2013 | Joint Objection of the Debtors, CIT, Sun Capital and the Official Committee of Unsecured Creditors to WARN Plaintiffs' Motion for Stay Pending Appeal |
| 730-731 | 1567 | 01/23/2013 | Order Denying Motion of Casimir Czyzewski, Melvin L. Myers, Jeffrey Oehlers, Arthur E. Perigard, and Daniel C. Richards, on behalf of themselves and all others similarly situated, for a Stay Pending Appeal |

## JOINT APPENDIX - VOLUME III

*CIT Adversary Proceeding Docket Entries* (Adv. Proc. No. 08-51903 (BLS))

| JA # | Adv. D.I. | Date | Description |
|------|-----------|------|-------------|
| 732-761 | 40 | 09/15/2011 | Opinion Regarding Motion to Dismiss filed by CIT Group/Business Credit, Inc. |
| 762-763 | 41 | 09/15/2011 | Order Relating to Opinion Regarding Motion to Dismiss filed by CIT Group/Business Credit, Inc. |
| 764-856 | 43 | 10/07/2011 | Second Amended Complaint and Objection to Claims |
| 857-972 | 44 | 11/04/2011 | Answer to Second Amended Complaint filed by Sun Capital Partners IV, LP, Sun Capital Partners Management IV, LLC, and Sun Capital Partners, Inc. |
| 973-1080 | 45 | 11/04/2011 | Answer to Second Amended Complaint, Counterclaim by The CIT Group/Business Credit, Inc. against the Official Committee of Unsecured Creditors on behalf of the bankruptcy estates of Jevic Holding Corp., *et al.* |
| 1081-1086 | 47 | 11/23/2011 | Answer to Complaint with Counterclaim filed by the Official Committee of Unsecured Creditors on behalf of the bankruptcy estates of Jevic Holding Corp., *et al.* |

*WARN Adversary Docket Entries* (Adv. Proc. No. 08-50662 (BLS))

| JA # | Adv. D.I. | Date | Description |
|------|-----------|------|-------------|
| 1087-1099 | 3 | 05/23/2008 | Amended Class Action Adversary Complaint |
| 1100-1113 | 9 | 07/02/2008 | Answer to Amended Complaint and Affirmative Defenses of Jevic Holding Corp. and Jevic Transportation, Inc. |
| 1114-1136 | 10 | 07/07/2008 | Answer to Amended Complaint and Affirmative Defenses of Sun Capital Partners, Inc. |
| 1137-1138 | 28 | 12/10/2008 | Order Granting Class Certification |

| 1139-1158 | 240 | 05/10/2013 | Opinion Regarding Cross-Motions for Summary Judgment on Claims Arising Under the WARN Act |
| 1159-1176 | 241 | 05/10/2013 | Opinion Regarding Motion for Summary Judgment on Claims Arising Under the WARN Act |
| 1177-1178 | 242 | 05/10/2013 | Order that Class Plaintiffs' Motions for Summary Judgment is Granted in Part and Denied in Part |
| 1179-1180 | 243 | 05/10/2013 | Order Relating to Opinion Regarding Cross-Motions for Summary Judgment on Claims Arising Under the WARN Act |

### Exhibits Introduced at Trial (Not Otherwise Included Above)

| JA # | Exhibit # | Date | Description |
|------|-----------|------|-------------|
| 1181-1198 | WARN 1 | 06/22/2012 | Settlement Agreement and Release (executed version) |
| 1199-1203 | US Trustee 1 | 11/30/2009 | Proof of Claim of Melvin L. Myers |
| 1204-1206 | US Trustee 2 | 11/28/2009 | Proof of Claim of Jeffrey L. Oehlers |

### Transcripts of Court Proceedings

| JA # | D.I. | Date | Description |
|------|------|------|-------------|
| [Tr. pp. 1-172] 1207-1380 | 1514 (Adv. No. 08-50913, D.I. 75) | 11/27/2012 | Transcript regarding Hearing Held 11/13/2012 re: 9019 Motion/Motion to Dismiss. |
| [Tr. pp. 1-143] 1381-1525 | 1555 (Adv. No. 08-50662, D.I. 236) | 01/16/2013 | Transcript regarding Hearing Held 1/11/2013 re: Oral Argument on Summary Judgment Motions |
| [Tr. pp. 1-34] 1526-1561 | 1599 | 02/28/2013 | Transcript regarding Hearing Held 1/18/2013 re: Motion to Stay Pending Appeal |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| JEVIC HOLDING CORP., *et al.*, | ) | Bankr. No. 08-11006 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | BAP Appeal Nos. 12-68 and 12-69 |
| | ) | |
| Casimir Czyzewski, *et al.*, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | Civil Action Nos. 13-104 SLR and |
| | ) | 13-105 SLR |
| Jevic Holding Corp., *et al.*, | ) | (Consolidated) |
| | ) | |
| Appellees. | ) | |

### NOTICE OF APPEAL
### TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

Casimir Czyzewski, Melvin L. Myers, Jeffrey Oehlers, Arthur E. Perigard, and Daniel C.

Richards, on behalf of themselves and all others similarly situated, the appellants herein, appeal

to the United States Court of Appeals for the Third Circuit from the final memorandum and order

of the United States District Court for the District of Delaware dismissing their appeal and

affirming the Bankruptcy Court, entered in this case on January 24, 2014 (D.I. 22 and 23).

The parties to the Order appealed from and the names and addresses of their respective

counsel are as follows:

*Casimir Czyzewski, Melvin L. Myers, Jeffrey Oehlers, Arthur E. Perigard, and Daniel C.*
*Richards, on behalf of themselves and all others similarly situated.*

Represented by:

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 654-0248

NOTICE OF APPEAL to 3d Circuit (13-104 & 13-105)

Jack A. Raisner, Esquire
René S. Roupinian, Esquire
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000

*Jevic Holding Corp., Creek Road Properties, LLC and Jevic Transportation, Inc.*

Represented by:

Domenic E. Pacitti, Esquire
Linda Richenderfer, Esquire
KLEHR HARRISON HARVEY & BRANZBURG LLP
919 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 552-5511

*The Official Committee of Unsecured Creditors*

Represented by:

Bruce Grohsgal, Esquire
PACHULSKI STANG ZIEHL & JONES LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100

Robert Feinstein, Esquire
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue
New York, NY 10017-2024
Telephone: (212) 561-7700

*Sun Capital Partners IV LP, Sun Capital Partners Management IV LLC.*
*and Sun Capital Partners, Inc.*

Represented by:

Robert J. Dehney, Esquire
Curtis S. Miller, Esquire
MORRIS NICHOLS ARSHT & TUNNELL LLP
1201 N. Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 351-9353

James P. Gillespie, Esquire
KIRKLAND & ELLIS LLP
655 15th Street NW, Suite 1200
Washington, DC  20005
Telephone: (202) 879-5000

James A. Stempel, Esquire
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, IL  60654
Telephone:    (312) 862-2440

*The CIT Group/Business Credit, Inc.*

Represented by:

Stephen M. Miller, Esquire
Eric J. Monzo, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone:    (302) 888-6853

Benjamin C. Ackerly, Esquire
Tara L. Elgie, Esquire
HUNTON & WILLIAMS LLP
951 E. Byrd Street
Richmond, VA  23219
Telephone:    (804) 788-8479

Richard P. Norton, Esquire
HUNTON & WILLIAMS LLP
200 Park Avenue, 52nd Floor
New York, NY  10166
Telephone:    (212) 309-1315

*The Office of the United States Trustee*

Represented by:

Mark S. Kenney, Esquire
OFFICE OF THE U.S. TRUSTEE
844 King Street, Room 2207
Lockbox 35
Wilmington, DE  19801
Telephone:    (302) 573-6491

NOTICE OF APPEAL to 3d Circuit (13-104 & 13-105)        3

DATED:  February 21, 2014

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:      (302) 654-0248
Facsimile:      (302) 654-0728
E-mail:         loizides@loizides.com

- and -

Jack A. Raisner, Esquire
Rene S. Roupinian, Esquire
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY  10016
Telephone:      (212) 245-1000
Facsimile:      (646) 509-2081

*Counsel for Appellants*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| JEVIC HOLDING CORP., *et al.*, | ) | Case No. 08-11006 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 1520 |
| OFFICIAL COMMITTEE OF UNSECURED | ) | |
| CREDITORS, on behalf of the bankruptcy | ) | |
| Estates of JEVIC HOLDING CORP., *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 08-51903 (BLS) |
| | ) | |
| v. | ) | |
| | ) | |
| THE CIT GROUP/BUSINESS CREDIT, INC., | ) | |
| In its capacity as Agent, and SUN CAPITAL | ) | |
| PARTNERS IV, LP, SUN CAPITAL PARTNERS | ) | |
| MANAGEMENT IV, LLC, and SUN CAPITAL | ) | |
| PARTNERS, INC., | ) | Re: Adversary Docket No. 78 |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEAL

Casimir Czyzewski, Melvin L. Myers, Jeffrey Oehlers, Arthur E. Perigard, and Daniel C.
Richards, on behalf of themselves and all others similarly situated ("Appellants") hereby appeal
under 28 U.S.C. § 158(a) from the Order Granting Joint Motion of the Debtors, CIT, Sun Capital
and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105, 349 and
1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement
and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement;
and (III) Granting Related Relief, entered at Docket Index 1520 in the above-captioned
bankruptcy cases and Adversary Docket Index 78 in the above-captioned adversary proceeding.

The names of all parties to the order appealed from and the names, addresses, and
telephone numbers of their respective attorneys are as follows:

Notice of Appeal (FINAL).DOCX

_Casimir Czyzewski, Melvin L. Myers, Jeffrey Oehlers, Arthur E. Perigard, and Daniel C._
_Richards, on behalf of themselves and all others similarly situated._

Represented by:

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 654-0248

Jack A. Raisner, Esquire
René S. Roupinian, Esquire
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone:    (212) 245-1000

_Jevic Holding Corp., Creek Road Properties, LLC and Jevic Transportation, Inc._

Represented by:

Domenic E. Pacitti, Esquire
Michael W. Yurkewicz, Esquire
Margaret M. Manning, Esquire
KLEHR HARRISON HARVEY & BRANZBURG LLP
919 N. Market Street, Suite 1000
Wilmington, DE 19801
Phone: (302) 552-5511

_The Official Committee of Unsecured Creditors_

Represented by:

Bruce Grohsgal, Esquire
PACHULSKI STANG ZIEHL & JONES LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Phone: (302) 652-4100

Robert Feinstein, Esquire
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue
New York, NY 10017-2024
Phone: (212) 561-7700

Notice of Appeal (FINAL).DOCX                          2

*Sun Capital Partners IV LP, Sun Capital Partners Management IV LLC,
and Sun Capital Partners, Inc.*

Represented by:

Robert J. Dehney, Esquire
Curtis S. Miller, Esquire
MORRIS NICHOLS ARSHT & TUNNELL LLP
1201 N. Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
Phone:  (302) 351-9353

James P. Gillespie, Esquire
KIRKLAND & ELLIS LLP
655 15th Street NW, Suite 1200
Washington, DC  20005
Phone: (202) 879-5000

James A. Stempel, Esquire
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, IL  60654
Phone: (312) 862-2440

*The CIT Group/Business Credit, Inc.*

Represented by:

Stephen M. Miller, Esquire
Eric J. Monzo, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
Phone: (302) 888-6853

Benjamin C. Ackerly, Esquire
Tara L. Elgie, Esquire
HUNTON & WILLIAMS LLP
951 E. Byrd Street
Richmond, VA  23219
Phone: (804) 788-8479

Richard P. Norton, Esquire
HUNTON & WILLIAMS LLP
200 Park Avenue, 52nd Floor
New York, NY  10166
Phone: (212) 309-1315

*The Office of the United States Trustee*

Represented by:

Mark S. Kenney, Esquire
OFFICE OF THE U.S. TRUSTEE
844 King Street, Room 2207
Lockbox 35
Wilmington, DE  19801
Phone:  (302) 573-6491

DATED:  December 18, 2012

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:    loizides@loizides.com

- and –

Jack A. Raisner, Esq.
René S. Roupinian, Esq.
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY  10016
Telephone:    (212) 245-1000
Facsimile:    (646) 509-2081

*Counsel for Appellants*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| JEVIC HOLDING CORP., *et al.*, | ) | Case No. 08-11006 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. 1520** |
| OFFICIAL COMMITTEE OF UNSECURED | ) | |
| CREDITORS, on behalf of the bankruptcy | ) | |
| Estates of JEVIC HOLDING CORP., *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 08-51903 (BLS) |
| | ) | |
| v. | ) | |
| | ) | |
| THE CIT GROUP/BUSINESS CREDIT, INC., | ) | |
| In its capacity as Agent, and SUN CAPITAL | ) | |
| PARTNERS IV, LP, SUN CAPITAL PARTNERS | ) | |
| MANAGEMENT IV, LLC, and SUN CAPITAL | ) | |
| PARTNERS, INC., | ) | **Re: Adversary Docket No. 78** |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEAL

Casimir Czyzewski, Melvin L. Myers, Jeffrey Oehlers, Arthur E. Perigard, and Daniel C. Richards, on behalf of themselves and all others similarly situated ("Appellants") hereby appeal under 28 U.S.C. § 158(a) from the Order Granting Joint Motion of the Debtors, CIT, Sun Capital and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105, 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III) Granting Related Relief, entered at Docket Index 1520 in the above-captioned bankruptcy cases and Adversary Docket Index 78 in the above-captioned adversary proceeding.

The names of all parties to the order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Notice of Appeal (FINAL).DOCX

*Casimir Czyzewski, Melvin L. Myers, Jeffrey Oehlers, Arthur E. Perigard, and Daniel C. Richards, on behalf of themselves and all others similarly situated.*

Represented by:

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:    (302) 654-0248

Jack A. Raisner, Esquire
René S. Roupinian, Esquire
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY  10016
Telephone:    (212) 245-1000

*Jevic Holding Corp., Creek Road Properties, LLC and Jevic Transportation, Inc.*

Represented by:

Domenic E. Pacitti, Esquire
Michael W. Yurkewicz, Esquire
Margaret M. Manning, Esquire
KLEHR HARRISON HARVEY & BRANZBURG LLP
919 N. Market Street, Suite 1000
Wilmington, DE  19801
Phone: (302) 552-5511

*The Official Committee of Unsecured Creditors*

Represented by:

Bruce Grohsgal, Esquire
PACHULSKI STANG ZIEHL & JONES LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Phone: (302) 652-4100

Robert Feinstein, Esquire
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue
New York, NY 10017-2024
Phone: (212) 561-7700

Notice of Appeal (FINAL).DOCX                    2

*Sun Capital Partners IV LP, Sun Capital Partners Management IV LLC, and Sun Capital Partners, Inc.*

Represented by:

Robert J. Dehney, Esquire
Curtis S. Miller, Esquire
MORRIS NICHOLS ARSHT & TUNNELL LLP
1201 N. Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Phone: (302) 351-9353

James P. Gillespie, Esquire
KIRKLAND & ELLIS LLP
655 15th Street NW, Suite 1200
Washington, DC 20005
Phone: (202) 879-5000

James A. Stempel, Esquire
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, IL 60654
Phone: (312) 862-2440

*The CIT Group/Business Credit, Inc.*

Represented by:

Stephen M. Miller, Esquire
Eric J. Monzo, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Phone: (302) 888-6853

Benjamin C. Ackerly, Esquire
Tara L. Elgie, Esquire
HUNTON & WILLIAMS LLP
951 E. Byrd Street
Richmond, VA 23219
Phone: (804) 788-8479

Richard P. Norton, Esquire
HUNTON & WILLIAMS LLP
200 Park Avenue, 52nd Floor
New York, NY 10166
Phone: (212) 309-1315

_The Office of the United States Trustee_

Represented by:

Mark S. Kenney, Esquire
OFFICE OF THE U.S. TRUSTEE
844 King Street, Room 2207
Lockbox 35
Wilmington, DE 19801
Phone: (302) 573-6491

DATED:  December 18, 2012

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:    loizides@loizides.com

- and –

Jack A. Raisner, Esq.
René S. Roupinian, Esq.
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone:    (212) 245-1000
Facsimile:    (646) 509-2081

_Counsel for Appellants_

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re:                                         )
                                               )   Chapter 11
JEVIC HOLDING CORP., et al.,                   )   Bank. No. 08-11006 (BLS)
                                               )   (Jointly Administered)
            Debtors.                           )

_____

CASIMIR CZYZEWSKI, et al.,                     )
                                               )
            Appellants,                        )   Civ. Nos. 13-104-SLR and
                                               )   13-105-SLR (consolidated)
            v.                                 )
                                               )
JEVIC HOLDING CORP., et al.,                   )
                                               )
            Appellees.                         )
                                               )

**MEMORANDUM**

At Wilmington this 24th day of January, 2014 having reviewed the appeal taken

by Casimir Czyzewski, Melvin L. Myers, Jeffrey Oehlers, Arthur E. Perigard, and Daniel

C. Richards, on behalf of themselves and all others similarly situated, ("appellants"),

and the papers submitted in connection therewith; the court issues its decision based

on the following analysis:

1. **Background.**[1]  Jevic Holding Corp., Jevic Transportation, Inc. and Creek

Road Properties, LLC's (collectively, "debtors") are a trucking company.  In June 2006,

_____

[1]The factual background is largely undisputed and is taken from the United
States Bankruptcy Court for the District of Delaware's ("bankruptcy court") oral order
dated November 28, 2012 and supplemented by the parties' briefing.

Sun Capital Partners IV, LP, Sun Partners Management IV, LLC and Sun Capital

Partners, Inc. (collectively, "Sun") bought debtors, and subsequently refinanced the

acquisition through a $101 million loan from The CIT Group/Business Credit, Inc.

("CIT"), as agent for the lenders (the "Lender Group"). (D.I. 19 at 3-4)

2. On May 20, 2008 ("the petition date"),[2] debtors each filed a voluntary petition

for relief under chapter 11 of title 11 of the United Stated Code (the "Bankruptcy Code")

in the bankruptcy court. On June 4, 2008, the United States Trustee appointed the

Official Committee of Unsecured Creditors of Jevic Holding Corp. et al. ("the

committee") (collectively with debtors, Sun, and CIT, "appellees"). Shortly prior to the

petition date, the debtors wound-down their business, ceasing substantially all of their

operations and terminating approximately 90% of their employees. After the petition

date, all of the debtors' tangible assets were liquidated and the proceeds used to

partially repay the outstanding obligations owed to CIT.

3. On May 21, 2008, appellants,[3] who are truck drivers[4] whose employment was

terminated by debtors, filed a complaint asserting claims under the Worker Adjustment

and Retraining Notification Act, 29 U.S.C. § 2101 et. seq., and the New Jersey Millville

Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2.[5] (D.I. 19

---

[2]As of the petition date, the debtors' primary secured creditors were Sun and
CIT, with an aggregate of approximately $53 million on a first priority senior secured
basis. (08-11006-BLS, D.I. 1519 at 5:1-4)

[3]Referred to by the bankruptcy court as "the Warren [sic] plaintiffs."

[4]About 1,200 truck drivers who claim over $20 million and are debtors' largest
group of unsecured creditors. (D.I. 19 at 1)

[5]Appellants allege that these claims are priority claims under 11 U.S.C. §§
507(a)(4) and (a)(5); as such, they allege they should be paid in full before any funds
may be paid to general or lower priority creditors. (D.I. 19 at 4)

at 4)

4. Appellees reached a settlement agreement ("settlement"), dated June 22,

2012, which resolved all claims among the debtors and their estates, the committee,

CIT, the Lender Group and Sun. Appellants minimally participated in the settlement

negotiations, but did not agree to the settlement. (08-11006-BLS, D.I. 1519 at 11; D.I.

1514 at 31:13-21, 68:11-22) The settlement "provided for (a) the exchange of releases,

(b) the payment of $2 million by CIT to the [d]ebtors, to be used to satisfy unpaid

chapter 11 administrative claims, (c) the dismissal with prejudice of the Adversary

Proceeding,[6] (d) the assignment by Sun of its lien on the estates' remaining assets to

the Jevic Holding Corp. Liquidating Trust (the "[c]reditors['] [t]rust") for the benefit of the

[d]ebtors' unsecured creditors and certain priority tax claimants, (e) the reconciliation of

administrative and unsecured claims, and (f) the dismissal of the chapter 11 cases."

(D.I. 15 at 5; ex. A at ¶ 3)

5. Appellants objected to the agreement on various grounds.[7] After briefing and

an evidentiary hearing, the bankruptcy court concluded that the possibility of recovery

for appellants was remote at best, as there were "several independent hurdles that the

[c]ommittee would have to clear before it would actually see a material recovery out of

the litigation," which would take years (08-11006-BLS, D.I. 1519 at 13:7-9) Further, the

debtors possessed no funds that were not subject to the liens of CIT and Sun, to

continue with litigation. The bankruptcy court entered the settlement on December 4,

---

[6]A proceeding brought by the committee against CIT and Sun, respectively the debtors' senior and junior secured lenders.

[7]The United States Trustee also objected.

2

2012. (08-11006-BLS, D.I. 1520)

6. On January 2, 2013, appellants filed a motion to stay with the bankruptcy

court. (08-11006-BLS, D.I. 1545) After briefing and argument, the bankruptcy court

denied the stay on January 18, 2013 but, as a courtesy to the district court, instructed

the debtors to refrain from consummating the settlement for ten to fifteen days to give

appellants an opportunity to challenge the ruling. (D.I. 16, ex. 6 at 29-30; 08-11006-

BLS, D.I. 1567) Appellants did not challenge the denial and have not further sought a

stay.

7. At a hearing on February 20, 2013, appellants sought clarification regarding

whether the appellees could move forward with implementing the settlement. The

bankruptcy court confirmed the lack of a stay. The committee advised that appellees

were "actively considering closing. So if [appellants] want to stay . . . they should file a

motion promptly." Although appellants indicated that they would be seeking a stay (D.I.

16, ex. 3 at 12-14), no such motion was filed in this court.

8. The appellees instigated a series of transactions to implement the settlement,

beginning on August 28, 2013. All funds were distributed under the settlement, with the

creditors' trust distributing 1,039 final disbursement checks to holders of allowed

general unsecured claims and 29 final disbursement checks to holders of allowed

unsecured priority tax claims.[8] (D.I. 15 at 9) The bankruptcy court dismissed the

debtors' chapter 11 cases on October 11, 2013.

9. **Standard of Review.** This court has jurisdiction to hear an appeal from the

---

[8]Of these, 39 checks were returned and "$90,422.58 in checks have not been
negotiated by the payees . . . ." (D.I. 16 at 9)

3

bankruptcy court pursuant to 28 U.S.C. § 158(a).  In undertaking a review of the issues

on appeal, the court applies a clearly erroneous standard to the bankruptcy court's

findings of fact and a plenary standard to that court's legal conclusions.  *See Am. Flint*

*Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).  With

mixed questions of law and fact, the court must accept the bankruptcy court's "finding of

historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of

the [bankruptcy] court's choice and interpretation of legal precepts and its application of

those precepts to the historical facts.'"  *Mellon Bank, N.A. v. Metro Communications,*

*Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes &*

*Co.*, 669 F.2d 98, 101–02 (3d Cir. 1981)).  The district court's appellate responsibilities

are further informed by the directive of the United States Court of Appeals for the Third

Circuit, which effectively reviews on a de novo basis bankruptcy court opinions.  *In re*

*Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d

Cir. 2002).

    10.  **Analysis.**  Appellants largely do not contest the bankruptcy court's factual

findings.  Instead, appellants fault the bankruptcy court's approval of the settlement on

various legal grounds.  Contrary to appellants' contentions, the bankruptcy court

properly evaluated the proposed settlement, considering the *Martin* test's four criteria[9]

and determining that the settlement was "fair and equitable."  *Myers v. Martin (In re*

*Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *Protective Comm. for Indep. Stockholders of*

---

    [9]"(1) the probability of success in litigation; (2) the likely difficulties in collection;
(3) the complexity of the litigation involved, and the expense, inconvenience and delay
necessarily attending it; and (4) the paramount interest of the creditors."

*TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).  More specifically, the bankruptcy court considered appellants' primary objections to the settlement - that the proceeds did not flow to their claims and that the committee breached its fiduciary duty - in making its determination.  (D.I. 1519 at 9:4-10); *see In re Nutraquest, Inc.*, 434 F.3d 639, 644-45 (3d Cir. 2006) (finding that "many cases have applied the *Drexel- TMT Trailer-Martin* factors to settlements involving claims against debtors" and the court should "carefully examine" the settlement and determine if it was fair to "the parties who did not settle") (citations omitted).  As discussed below, these objections did not necessitate rejecting the settlement.

11.  As to the pending WARN litigation, the bankruptcy court found that the litigation was in the early stages, would be lengthy and expensive, was not "a slam dunk," and the estate was without funds to support any litigation.  (D.I. 1519 at 12-14) As to the "paramount interest of creditors" factor, the settlement involves "a substantial distribution to unsecured and certain administrative creditors."  (D.I. 1519 at 14:4-17) Further, appellants' claim against the estate is "effectively worthless given that the estate lacks available unencumbered funds to satisfy it if it were allowed."  (*Id.*)

12.  As to the whether the settlement is "fair and equitable," the bankruptcy court found that all of the major economic stakeholders were involved in the negotiations (including appellants),[10] the committee lacked the resources to continue any litigation,

---

[10]The appellants initially participated in the negotiations, but chose not to settle as they wished to continue their pending litigation against debtors and Sun.  (D.I. 1519 at 11-12)  Appellants argue that the bankruptcy court erred in concluding that they "opted out" of the settlement, however, considering appellants were included in the negotiations, the court does not find this factual conclusion clearly erroneous.

5

and the settlement offered "the prospect of a meaningful distribution to unsecured

creditors, and to some but admittedly not all administrative priority creditors." (D.I. 1519

at 9-10)

13.   Appellants contend that the committee breached its fiduciary duty when it

agreed to the settlement structure.  The court concludes otherwise.  The committee

fulfilled its charge to investigate and prosecute potential causes of action.  (D.I. 1519 at

11:16-25)  The committee fully participated in the negotiations and then sought

approval of the settlement with the support of the debtor.  (*Id.*)  The court finds that the

settlement was in the best interest of the estate and of resolving the pending Chapter

11 cases.

14.   As discussed by the bankruptcy court, the settlement does not follow the

absolute priority rule.  However, this is not a bar to the approval of the settlement as it is

not a reorganization plan.[11]  *Cf. In re Armstrong World Indus., Inc.*, 432 F.3d 507, 509

(3d Cir. 2005) (affirming the district court's denial of confirmation of a reorganization

plan which violated the absolute priority rule).  In *Armstrong*, the Third Circuit

distinguished a line of cases approving settlement agreements allowing "creditors . . . to

distribute their proceeds from the bankruptcy estate to other claimants without offending

section 1129(b)."  *Id.* at 514 (discussing *In re SPM Mfg. Corp.*, 984 F.2d 1305 (1st Cir.

1993); *In re Mcorp Fin., Inc.*, 160 B.R. 941 (S.D. Tex. 1993), and *In re Genesis Health

Ventures, Inc.*, 266 B.R. 591 (Bankr. D. Del. 2001)); *see also In re World Health Alts.*,

---

[11]The bankruptcy court found that there was no prospect of a confirmable plan.
(D.I. 1519 at 8:6-8)  This court has no reason to question this conclusion on the record
at bar, nor have the appellants presented any evidence to the contrary.

6

*Inc.*, 344 B.R. 291, 297-98 (Bankr. D. Del. 2006); *In re Kainos Partners Holding*

*Company, LLC*, 2012 WL 6028927 at \*12 (D. Del. Nov. 30, 2012) (finding that the

settlement did "not violate the Bankruptcy Code's statutory priority scheme but, instead,

satisfie[d] the criteria for approval under Bankruptcy Rule 9019 and the standards set

forth under *In re Martin*). In the case at bar, "the funds are indisputably the collateral of

the secured creditors, [and] admittedly subject to litigat[ion] challenge." Therefore, the

court concludes that the bankruptcy court did not err in confirming the settlement and

dismissing the Chapter 11 cases. (D.I. 1519 at 10-11)

15. Alternatively, appellees have moved to dismiss this appeal as equitably

moot. (D.I. 14) In determining whether the doctrine applies, courts should consider the

following "two analytical steps: (1) whether a confirmed plan has been substantially

consummated; and (2) if so, whether granting the relief requested in the appeal will (a)

fatally scramble the plan and/or (b) significantly harm third parties who have justifiably

relied on plan confirmation." *In re Semcrude, L.P., et al.*, 728 F.3d 314, 321 (3d Cir.

Aug. 27, 2013).

16. The court finds that the settlement has been substantially consummated as

all the funds have been distributed. Should the court grant the appeal, the settlement

will be irreversibly "scrambled," as it did not provide for funds for appellants' speculative

recovery and appellants chose not to substantively participate in the negotiation and

subsequent settlement. The parties to the settlement reached their negotiated

resolution following years of litigation and will be harmed if the settlement is now

unwound. The court concludes that the appeal is equitably moot in view of the

settlement.

7

17.  For the reasons discussed above, the court dismisses the appeal and

affirms the order of the bankruptcy court.  An order shall issue.

United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re:                                    )
                                          )    Chapter 11
JEVIC HOLDING CORP., et al.,              )    Bank. No. 08-11006 (BLS)
                                          )    (Jointly Administered)
            Debtors.                      )

_____

CASIMIR CZYZEWSKI, et al.,                )
                                          )
            Appellants,                   )    Civ. Nos. 13-104-SLR and
                                          )    13-105-SLR (consolidated)
            v.                            )
                                          )
JEVIC HOLDING CORP., et al.,              )
                                          )
            Appellees.                    )

**O R D E R**

At Wilmington this 24th day of January, 2014, consistent with the memorandum

issued this same date;

IT IS ORDERED that the appeal is dismissed and the order of the bankruptcy

court dated November 28, 2012 is affirmed.

_____

United States District Judge

1

            UNITED STATES BANKRUPTCY COURT
                 DISTRICT OF DELAWARE

2

3   IN RE:                     )  Case No. 08-11006 (BLS)
                               )  Chapter 11
    JEVIC HOLDING CORP.        )
4        et al.                )  Courtroom No. 1
              Debtors.         )  824 Market Street
5                              )  Wilmington, Delaware 19801
                               )
6                              )
                               )  November 28, 2012
7                              )  10:00 A.M.

8                   TRANSCRIPT OF HEARING
            BEFORE HONORABLE BRENDAN L. SHANNON
9              UNITED STATES BANKRUPTCY JUDGE

10

    TELEPHONIC APPEARANCES:
11

12  For CIT Group:            Hunton & Williams, LLP
                              By:  BENJAMIN ACKERLY, ESQ.
13                            Riverfront Plaza, East Tower
                              451 East Byrd Street
14                            Richmond, Virginia 23219
                              (804) 788-8479

15

16  For Casimir Czyzewski:    Outten & Golden, LLP
                              By:  JACK RAISNER, ESQ.
17                            203 North LaSalle Street, Suite 2100
                              Chicago, Illinois 60601
18                            (212) 245-1000

19  ECRO:                    DANA MOORE

20  Transcription Service:    Reliable
                              1007 N. Orange Street
21                            Wilmington, Delaware 19801
                              Telephone:  (302) 654-8080
22                            E-Mail:  gmatthews@reliable-co.com

23  Proceedings recorded by electronic sound recording:
    transcript produced by transcription service.
24

25

```
 1  For Sun Capital:          Kirkland & Ellis, LLP
                              By:  JAMES GILLESPIE, ESQ.
 2                            655 Fifteenth Street, N.W.
                              Washington, D.C. 20005-5793
 3                            (202) 879-5190

 4  For Interested Party:     Pachulski Stang Ziehl & Jones
                              By:  ROBERT FEINSTEIN, ESQ.
 5                            780 Third Avenue, 36th Floor
                              New York, New York 10017
 6                            (212) 561-7710

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1

INDEX

2

|                                              | Page |
|----------------------------------------------|------|
| NOTICE OF AGENDA MATTERS:                     |      |
| For CIT Group, by Mr. Ackerly                | 15   |
| For Casimir Czyzewski, by Mr. Raisner        | 15   |
| For Sun Capital by, Mr. Gillespie            | 16   |
| For Interested Party, by Mr. Feinstein       | 18   |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE COURT:  Good morning, counsel, this is Judge

2   Shannon.  I understand from the operator that all necessary

3   parties are on the call this morning.

4          This hearing is a follow up to an evidentiary hearing

5   that we had in this Court on the 13th of November.  The matter

6   that is before the Court is the motion for approval of a

7   settlement between and among the Debtor, the Committee, Sun

8   Capital and CIT.  Settlement motion is opposed by the U.S.

9   Trustee and certain claimants that I will refer to as the

10  Warren claimants.  At the hearing Mr. Dooley [phonetic] and

11  Mr. Gavin [phonetic] testified in support of the settlement.

12  Each was subject to cross examination, and the Court heard

13  substantial argument from counsel.

14          I also would note, specifically, that I am giving my

15  ruling orally because of the party's desire for a prompt

16  ruling, and because there are other matters that have been

17  pressing on my docket that preclude me from writing a formal

18  opinion on this dispute.  Nevertheless, for the reasons that

19  I will give you this morning I will grant the motion, and I

20  will overrule the objections.

21          I touched, very briefly, on the background.  The

22  parties are certainly familiar with the history of this case.

23  Jevic was in the trucking business, and filed for bankruptcy

24  on May 20th, 2008.  The Debtors shut down all of its

25  operations either right before or immediately after

1    commencing the bankruptcy.  At the time of the filing the

2    Debtors' primary secured creditors were Sun Capital and CIT.

3    Now with an aggregate of, approximately, $53 million dollars

4    on a first priority senior secured basis.  The lenders

5    provided the DIP financing facility which was approved by

6    final order of the Court.  And among other provisions the

7    final DIP order had a roll up of prepetition debt into the

8    post petition facility, granted the lenders a Section 507(b)

9    super priority, and set a deadline within which challenges to

10   their liens and claims would have to be made.

11        Again, in 2008 the Committee was granted standing to

12   prosecute estate causes of actions against Sun Capital and

13   CIT.  And the Committee's complaint that subsequently amended

14   this filing seeking among other things was filed, seeking

15   among other things to avoid the liens of CIT and Sun Capital

16   to disallow their claims and for damages.

17        That litigation has been actively defended by CIT and

18   Sun Capital.  In the nearly four years since these cases were

19   commenced, since the Chapter 11 cases were commenced, the

20   record reflects that nearly all of the work to administer

21   these estates has been completed.  The undisputed testimony

22   is that all necessary claim objections have been filed and

23   ruled upon, all assets of the Debtor have been sold or

24   otherwise disposed of, all routine preference and avoidance

25   actions have been commenced and settled or otherwise disposed

1   of, and all necessary filings such as schedules of assets and

2   liabilities, statements of financial affairs, and the monthly

3   operating reports have long since been filed or are current,

4   what does remain are several lawsuits.

5          First is the Committee's lawsuit against CIT and Sun

6   Capital, mentioned earlier.  Also pending is litigation

7   commenced on behalf of certain former employees against the

8   Debtor, as well as against CIT and Sun Capital for damages

9   and claims arising under various Warren statutes, state and

10  federal.

11         The testimony adduced at last week's hearing reflects

12  that all of the major economic stakeholders in the case

13  including, the Committee, the Warren claimants, CIT and Sun

14  Capital came together at the Debtors' suggestion earlier this

15  year to attempt to negotiate a settlement of the litigation

16  commenced by the Committee.

17         As noted earlier that Committee lawsuit has been

18  pending for well over three years.  After what the witnesses

19  testified to as extensive arms length negotiation, certain of

20  the parties reached a global resolution.  And the general

21  terms of that settlement are identified in the motion, and

22  are as follows: the payment of $2 million dollars by CIT to

23  the Debtors to be used to satisfy unpaid Chapter 11 allowed

24  administrative claims, the dismissal with prejudice of the

25  Committee's adversary proceeding, the assignment by Sun of

Case: 14-1465    Document: 003111673550    Page: 37    Date Filed: 07/08/2014
Case 08-11006-BLS    Doc 1519    Filed 12/04/12    Page 7 of 20

7

1  its lien on the estate's remaining assets to a liquidating

2  trust for the exclusive benefit of general unsecured

3  creditors, the exchange of releases, the reconciliation of

4  administrative and general unsecured claims during a sixty

5  day period following the effective date of the settlement

6  agreement, and thereafter the dismissal of these Chapter 11

7  cases.

8       The record reflects that the terms of the settlement

9  were embodied in a motion, jointly, tendered by the Debtor,

10  the Committee, CIT and Sun Capital for approval under

11  Bankruptcy Rule 9019.  Notice of that motion was provided to

12  all creditors in these cases.  Numerous objections to the

13  settlement motion were filed, all but two of which were

14  resolved prior to the November 13, 2012 hearing.  I will

15  address the substance to the remaining objections in a

16  moment, but I turn first to the motion and the standard for

17  approval of a settlement agreement under rule 9019.

18       That standard is well settled.  The movants must

19  demonstrate that the proposed settlement represents the

20  exercise of the Debtors' reasonable business judgment in

21  light of one, that the probability of success in the

22  litigation; two, the complexity of the litigation and three,

23  the prospect of collection difficulties.  The final and most

24  important consideration Court's have identified for

25  consideration under of settlements under Bankruptcy Rule 9019

Case: 14-1465    Document: 003111673550    Page: 38    Date Filed: 07/08/2014
Case 08-11006-BLS    Doc 1519    Filed 12/04/12    Page 8 of 20

8

1    is the paramount interest of creditors.  Court's have stated

2    that the standard for approval of a settlement is not a heavy

3    burden on a movant, and that the movant need to, need only

4    demonstrate that the proposed settlement rises above the

5    lowest point on the range of reasonableness.

6         I consider the motion in light of the following

7    facts: this case has been pending for years, presently, with

8    no reasonable prospect of a confirmable plan.  All material

9    tasks needed to administer the estates have already been

10   completed other than the litigations that I have mentioned.

11   The Debtor possesses no assets or funds that are not subject

12   to the liens of CIT and Sun Capital.  The Debtor, therefore,

13   lacks the resources to creditably prosecute the Committee's

14   lawsuit, and the Committee lacks, therefore, the resources as

15   well.

16        And they lack the resources to, otherwise, wrap up

17   these bankruptcy proceedings.  In the absence of a settlement

18   of the settlement that is before the Court it is a virtual

19   certainty that there will be no distribution to unsecured

20   creditors here, and a substantial shortfall for distributions

21   to administrative creditors.

22        The U.S. Trustee objects to the settlement mainly on

23   the ground that the Bankruptcy Code neither contemplates nor

24   permits the relief sought outside of a confirmed plan or a

25   Chapter 7 liquidation and distribution.  Additionally, the

1  U.S. Trustee contends that the proposed distributions violate

2  the absolute priority rule, and the code statutory

3  distribution scheme.

4         The Warren claimant's primary objection is that the

5  proceeds of the settlement do not flow to their priority

6  claims, but instead go to junior creditors in derogation of

7  the codes priority structure.  The Warren claimants and the

8  U.S. Trustee also contend that the Committee is breaching its

9  fiduciary duty in agreeing to a settlement that, effectively,

10  freezes out the Warren creditors.

11         The theory is that because the Committee has been

12  granted standing to prosecute claims on behalf of the estate

13  it stands as a fiduciary to the estate, generally, and not

14  just to its typical constituency of unsecured creditors.  I

15  acknowledge the weight and significance of the U.S. Trustees'

16  argument.

17         There is no expressed provision in the code for

18  distribution and dismissal contemplated by the settlement

19  motion.  However, I do observe that while the practice is

20  certainly neither favored nor commonplace the record does

21  reflect that this, sort of, relief has been granted by this

22  and other Court's in appropriate occasions in the past.  And

23  I find that the dire circumstances that are present in this

24  case warrant the relief requested here by the Debtor, the

25  Committee and the secured lenders.

Case: 14-1465    Document: 003111673550    Page: 40    Date Filed: 07/08/2014
Case 08-11006-BLS    Doc 1519    Filed 12/04/12    Page 10 of 20

10

1           As previously noted through the settlement there is

2      the prospect of a meaningful distribution to unsecured

3      creditors, and to some but admittedly not all administrative

4      priority creditors.  In the absence of this settlement there

5      is no realistic prospect for such a distribution.  All of the

6      funds contemplated here are subject to the liens of Sun

7      Capital and CIT.  The lenders have stated unequivocally and

8      credibly that they would not do this deal in a Chapter 7.

9           The record reflects that there are no unencumbered

10     assets or assets awaiting administration.  So in the event of

11     a conversion it does not appear that a Chapter 7 Trustee

12     would have any money to operate, investigate or litigate.  I

13     certainly see nothing upon which I could base a finding of

14     adequate protection if a Chapter 7 Trustee sought to use the

15     liened up funds that are currently held by the estate.  To

16     the extent that I am being asked to predict the future, I

17     would say with a measure of confidence that the settlement

18     proceeds would be taken by the secured creditors in

19     relatively short order following a conversion of Chapter 7

20     with nothing leftover for stakeholders.

21          I further acknowledge that the proposed distributions

22     are not in accordance with the absolute priority rule.  But

23     because this is not a plan, and there is no prospect here of

24     a confirmable plan being filed, the absolute priority rule is

25     not a bar to approval of this settlement.  I believe that

1  this is consistent with Judge Walsh's opinion in World

2  Health, and case law in this other jurisdictions as

3  consistently recognized and accepted the right of a secured

4  creditor to dispose of its collateral as it wishes.  Neither

5  Armstrong nor DBSD affect this proposition outside of a

6  Chapter 11 plan.

7        Here the funds are indisputably the collateral of the

8  secured creditors, admittedly subject to litigate challenge.

9  The settlement disposes of litigation, and provides for the

10  handover of their collateral, predictably, with the execution

11  of certain releases to unsecured and administrative

12  creditors.  This is a format that the Court has previously

13  approved, and the pendency of objections by the U.S. Trustee

14  and by an economics stakeholder do not change the nature of

15  this case from other cases where this has been permitted.

16        Similarly, I am not satisfied that the proposed

17  settlement represents a breach of the Committee's fiduciary

18  duties as an estate representative.  The Committee's charge

19  was to investigate and prosecute potential causes of action

20  against CIT and Sun Capital.  This the Committee has done,

21  and it now seeks approval of a settlement with the support of

22  the Debtor.  It is clear that the Warren claimants were

23  invited to and took part in that settlement process, but they

24  have chosen not to be part of this settlement.  The fact that

25  the Committee stands in the shoes of the Debtor here does not

1   give every creditor here a veto over the chosen course of

2   action.

3            As I see it fiduciary duties do not really enter into

4   the analysis that is presently before me.  The litigation has

5   been commenced, and is now sought to be settled.  If the

6   movants carry their burden it will be approved.  If they do

7   not the settlement would be denied.  The Warren claimants,

8   presumably, wish to continue their separate pending

9   litigation against the Debtor, CIT and Sun Capital.  And thus

10  chose not to settle for the limited distribution that is

11  available here, and that is their right.  And this settlement

12  does effect or impair the Warren claimant's right to

13  prosecute their own litigation.

14           But the decision of the Warren claimants not to

15  participate in this settlement does not give rise to a breach

16  of the Committee's fiduciary duties, particularly, in light

17  of a settlement that has been noticed to all creditors, and

18  presented to the Court for approval on a full evidentiary

19  record.

20           Turning to the applicable standards under Rule 9019 I

21  will address the first two prongs together.  They are the

22  probability of success in the litigation, and the cost,

23  complexity and likely duration of such litigation.  The

24  Committee's prospect for success in its lawsuit, are

25  uncertain at best.  The litigation remains in its earliest

1    stages.  It raises challenges to perfected prepetition liens,

2    and liens that have been approved post petition.  This

3    lawsuit will require expert witnesses and substantial

4    discovery.  Mr. Gavin and Mr. Dooley, both, testified to

5    these to the prospect for the litigation.

6         Without getting too far into the specifics of the

7    lawsuit I note that the record developed at the trial

8    indicates that there are several independent hurdles that the

9    Committee would have to clear before it would actually see a

10   material recovery out of the litigation.  For example, even

11   if the Committee succeeds in unwinding the liens or avoiding

12   certain transfers it also has to deal with the consequences

13   of Bankruptcy Code Section 502(h).  It is an understatement

14   to say that this litigation is not a slam dunk.

15        Further to that point this litigation would be

16   expensive to prosecute and would, presumably, take years to

17   lend its way through the trial and appellate processes.  The

18   Court presumes from its prior experience that CIT and Sun

19   Capital are well healed, and will vigorously defend.  The

20   estate, by contrast, as I have noted has no available funds.

21        I do note that both objectors suggest the contingency

22   counsel or a Chapter 7 Trustee might be found to front the

23   substantial expenses, and wait for a return either in Chapter

24   11 or if engaged by a Chapter 7 Trustee.  I acknowledge that

25   that is a possibility, but on these facts I think any lawyer

1    or firm that signed up for that role should have his head

2    examined.  The third prong relating to collection

3    difficulties does not really enter this analysis.

4          The final and most important consideration according

5    to the case law is the paramount interest of creditors, and

6    here that prong has certainly been satisfied.  The record

7    reflects a substantial distribution to unsecured and certain

8    administrative creditors under the settlement.  It is a

9    virtual certainty that that distribution would not be

10   available in Chapter 11 absent the settlement.  And that this

11   deal is not likely to be available in Chapter 7.  The one

12   objecting creditor is not unfairly prejudice.  Its claim

13   against the estate is presently, effectively worthless given

14   that the estate lacks available unencumbered funds to satisfy

15   it if it were allowed.  The Warren claimant's rights against

16   CIT and Sun Capital are unaffected.  They may continue their

17   litigation.

18         So I am presented with two options, a meaningful

19   return or zero.  The paramount interest of the creditors

20   mandates approval of the settlement, and I do not find that

21   the Bankruptcy Code precludes this result given substantial

22   precedent in this and other jurisdictions.  I would ask that

23   an order approving the settlement be submitted under

24   certification of counsel.  Are there any questions?

25         UNKNOWN:  None from the Debtor, Your Honor.

Case: 14-1465    Document: 003111673550    Page: 45    Date Filed: 07/08/2014
Case 08-11006-BLS    Doc 1519    Filed 12/04/12    Page 15 of 20

15

1            UNKNOWN:  No, Your Honor, thank you very much.

2            MR. ACKERLY:  Judge Shannon, this is Ben Ackerly for

3    CIT.

4            THE COURT:  Yes, Mr. Ackerly.

5            MR. ACKERLY:  I have one small, factual correction.

6    CIT is not a defendant in the Warren Act litigation.

7            THE COURT:  Thank you for the correction I appreciate

8    that, and I actually was aware of that that was an

9    overstatement by me.  I appreciate the clarification.

10           MR. ACKERLY:  Thank you, sir.

11           THE COURT:  Right, any questions?

12           MR. RAISNER:  Judge Shannon, this is Jack Raisner.

13           THE COURT:  Yes, sir.

14           MR. RAISNER:  In our opposition to this motion we

15   discussed the, what would be the jurisdictional status of the

16   Warren litigation in the event that Your Honor approved the

17   9019 settlement.

18           THE COURT:  I appreciate, I appreciate you raising

19   that because that is a point that I believe is an issue that

20   is, that we do need to deal with.  I guess what I would say

21   is that as I understand the timeline there are steps under

22   the settlement agreement that are to play out prior to

23   dismissal.  I think in your papers I thought that you raised

24   a legitimate question with respect to the Court's continuing

25   jurisdiction over the pending litigations, and so what I

1    think what I would invite you to do is I am not sure what the

2    easiest or most appropriate path would be with respect to

3    motion practice about where the litigation itself should

4    continue, or does it continue in this Court.  But I am not

5    prepared to address that right now, but I would certainly

6    invite you and give you the opportunity to, I guess, raise

7    the question, and we can deal with it on a full record prior

8    to dismissal of the cases.

9            MR. GILLESPIE:  Your Honor, this is Jim Gillespie on

10   behalf of the Sun Capital defendants in the Warren action.

11   As the Court, likely, recalls there has been summary judgment

12   filed in the Warren litigation.  Briefing has been completed

13   on Sun Capital's motion for summary judgment in the Warren

14   action, so I just draw that Court's attention to that because

15   that is something that is pending while the underlying

16   settlement is being finalized that that is all ready for the

17   Court to rule on.

18           MR. RAISNER:  Your Honor, Jack Raisner we have not

19   completed briefing in that matter.

20           THE COURT:  Is briefing not complete in that?

21           MR. RAISNER:  Your Honor, briefing is completed on

22   the Sun motion for summary judgment.  There is motions for

23   summary judgment filed by the Warren plaintiffs where

24   briefing will be completed on December 3rd.

25           THE COURT:  Okay, here is what I want to do.  I am

1  going to leave it right now to you guys.  Mr. Raisner raised

2  a good point.  He raised it in his papers.  I did not feel it

3  is something that I could, obviously, address in the context

4  of the motion that was before me, but it is clearly an issue

5  that I do need to address.  I want the opportunity to I have

6  the Sun motion for summary judgment, and I am aware that that

7  is *sub judice*.  The way that our paper flow works within the

8  Court I, generally, do not see motion practice until all of

9  the briefing is complete, and it arrives in Chambers with a

10  notice of completion of briefing.  Here is what I want.  I am

11  not sure do we have a, Mr. Facitti; do we have a hearing

12  coming up in Jevic at anytime soon?

13       UNKNOWN:  No we do not have a omni's scheduled yet,

14  Your Honor.

15       THE COURT:  All right, here is what I think would

16  make sense.  I am going to ask that the parties confer, and

17  it may make sense to have even just a telephonic status

18  conference about what the best path forward is.  It may be

19  that, again, without having studied the submissions, and the

20  competing submissions I want to, I think I would like the

21  benefit of the party's guidance after they have considered my

22  ruling, and sort of figuring out how the process will play

23  out to get on the phone with me on a status conference

24  sometime in the next couple of weeks.

25       And it may be that in order to get the matter, sort

1  of, up and front and center it may be that scheduling the

2  summary judgment motions for argument might make sense.  But,

3  again, if there are alternatives to dealing with the pending

4  Warren litigation, and the issues that would be raised by

5  dismissal of the main case, I think I would like the benefit

6  of the lawyer's thoughts and guidance on that.

7          So I would make myself available at the party's

8  convenience, telephonically or live within the next couple of

9  weeks, and we can come up with a game plan going forward.

10         UNKNOWN:  Thank you.

11         MR. FEINSTEIN:   Judge, Robert Feinstein, Judge, one

12  final thing Your Honor asked for a submission of an order

13  which we will do, and I just want to confirm in light of this

14  this colloquy that we will submit an order under

15  certification that tracks the former order that was submitted

16  with the motion and the amendment to the motion.  And we will

17  be silent on the subject of jurisdiction over the Warren Act

18  claim so as not to hang up that order we, you know, we would

19  like to get that order entered as soon as possible.

20         THE COURT:  I think --

21         MR. FEINSTEIN:  The issue regarding jurisdiction will

22  be dealt with separately.

23         THE COURT:  -- I think that that is appropriate.  And

24  I have said before that I think it was appropriate that the

25  question be raised by the Warren claimants.  I saw it in

1    their briefing.  I have not touched on it here, but it is

2    definitely something that we need to deal with it now that we

3    have ruled on the settlement motion itself.

4         So, again, I am happy to deal with that issue, and to

5    make sure that we are promptly and responsibly administering

6    the case.  And with respect to the status conference, again,

7    my hope would be that that would give me the benefit of input

8    from the lawyers about, you know, alternatives and the best

9    way to proceed.

10        So I am really at your pleasure, but I would I think

11    a teleconference in the space of the next couple of weeks

12    would give everybody an opportunity to think about it, and if

13    there is an agreed game plan forward than you can expect I

14    will be all ears, and probably on board.  So, and if you can

15    touch base with Ms. Bellow once you look at your own

16    schedules and, again, I am happy to make myself available for

17    a status conference, okay?

18        MR. FEINSTEIN:  Thank you very much, Your Honor.

19        THE COURT:  Thank you very much, counsel, have a good

20    day.

21      (Court Adjourned)

22

23

24

25

20

1                                CERTIFICATE

2

3    I certify that the foregoing is a correct transcript from the

4    electronic sound recording of the proceedings in the above-

5    entitled matter.

6    /s/Mary Zajaczkowski                        December 3, 2012
     Mary Zajaczkowski, CET**D-531                     Date
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES BANKRUPTCY COURT
## District of Delaware

**In Re:**
Jevic Holding Corp.
700 Creek Rd.                    **Chapter:** 11
Delanco, NJ 08075
  **EIN:** 20–5118738


*Case No.*: 08–11006–BLS


### *NOTICE OF FILING OF TRANSCRIPT AND OF DEADLINES RELATED TO RESTRICTION AND REDACTION*

A transcript of the proceeding held on 11/28/2012 was filed on 12/4/2012 . The following deadlines apply:

The parties have  7 Days to file with the court a *Notice of Intent to Request Redaction* of this transcript. The deadline for filing a *request for redaction* is 12/26/2012 .

If a request for redaction is filed, the redacted transcript is due 1/4/2013 .

If no such notice is filed, the transcript may be made available for remote electronic access upon expiration of the restriction period, which is 3/4/2013 unless extended by court order.

To review the transcript for redaction purposes, you may purchase a copy from the transcriber (see docket for Transcriber's information) or you may view the document at the clerk's office public terminal.


Clerk of Court

Date: 12/4/12


(ntc)

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0311−1 | User: DanaM | Date Created: 12/4/2012 |
| Case: 08−11006−BLS | Form ID: ntcBK | Total: 8 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | United States Trustee | USTPREGION03.WL.ECF@USDOJ.GOV |
| aty | Domenic E. Pacitti | dpacitti@klehr.com |
| aty | Jason Custer Powell | jpowell@ferryjoseph.com |
| aty | Linda Richenderfer | lrichenderfer@klehr.com |
| aty | Margaret M. Manning | mmanning@klehr.com |
| aty | Michael W. Yurkewicz | myurkewicz@klehr.com |
| aty | Michael W. Yurkewicz | myurkewicz@klehr.com |

TOTAL: 7

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | |
|---|---|---|---|
| db | Jevic Holding Corp. | 700 Creek Rd. | Delanco, NJ 08075 |

TOTAL: 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JEVIC HOLDINGS CORP., *et al.*, | ) Case No. 08-11006 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| OFFICIAL COMMITTEE OF UNSECURED | ) |
| CREDITORS, on behalf of the bankruptcy estates | ) Adv. Pro. No. 08-51903 (BLS) |
| of JEVIC HOLDING CORP., *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| THE CIT GROUP/BUSINESS CREDIT, INC., | ) |
| in its capacity as Agent, and SUN CAPITAL | ) |
| PARTNERS IV, LP, SUN CAPITAL PARTNERS | ) |
| MANAGEMENT IV, LLC, and SUN CAPITAL | ) |
| PARTNERS, INC., | ) Related to D.I. 1346 and 1465 in Case No. |
| | ) 08-11006 and D.I 67 and 69 in Adv. Pro. |
| Defendants. | ) No. 08-51903 |

**ORDER GRANTING JOINT MOTION OF THE DEBTORS, CIT,**
**SUN CAPITAL AND THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS PURSUANT TO 11 U.S.C. §§ 105(a), 349 AND 1112(b)**
**AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER:**
**(I) APPROVING SETTLEMENT AGREEMENT AND RELEASING CLAIMS;**
**(II) DISMISSING THE DEBTORS' CASES UPON IMPLEMENTATION OF**
**SETTLEMENT; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the *Joint Motion of the Debtors[1], CIT, Sun Capital and the Official*

*Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 349 and 1112(b) and Fed.*

*R. Bankr. P. 9019 for Entry of an Order: (I) Approving Settlement Agreement and Releasing*

*Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III)*

*Granting Related Relief* [Bankruptcy Case Docket No. 1346; Adv. Pro. Docket No. 67] (the

---

[1] Defined terms used herein and not otherwise defined herein shall have the meaning ascribed to them in the Joint Motion and Supplement as applicable.

PHIL1 2511986v.2

"Joint Motion") and the *Supplement to the Joint Motion of the Debtors, CIT, Sun Capital and the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 349 and 1112(b) and Fed. R. Bankr. P. 9019 for Entry of an Order:  (I) Approving Settlement Agreement and Releasing Claims; (II) Dismissing the Debtors' Cases Upon Implementation of Settlement; and (III) Granting Related Relief* [Bankruptcy Case Docket No. 1465; Adv. Pro. Docket No. 69] (the "Supplement"); the Court having reviewed the Joint Motion, the Supplement, the Settlement Agreement, the exhibits thereto, and any responses or objections thereto; the Court having considered the evidence presented at the hearing on the Joint Motion, the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Joint Motion and Supplement is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Joint Motion and Supplement establish just cause for the relief requested in the Joint Motion and Supplement, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and for the reasons set forth on the record at the telephonic hearing held on November 28, 2012, and the Court finding that notice of the Joint Motion and Supplement was sufficient and that no other notice need be provided; and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

    1.    The relief requested in the Joint Motion and Supplement is GRANTED.

Settlement Agreement

    2.    The Debtors are authorized to enter into the Settlement Agreement, a copy of which is attached as Exhibit A to the Joint Motion, and the Settlement Agreement is approved in its entirety.

2

PHIL1 2511986v.2

3.      The Debtors are authorized and instructed to take any and all actions necessary or appropriate to perform their obligations arising under the Settlement Agreement.

4.      Within ten (10) business days after the Effective Date, as defined in paragraph 18 of the Settlement Agreement (the "Effective Date"), the following shall occur simultaneously:

(a) CIT shall pay to the Debtors $2,000,000 (the "Administrative Claim Fund");

(b) The Committee, CIT and Sun shall file with the Court a fully executed stipulation of dismissal with prejudice, substantially in the form of Exhibit 2 to the Settlement Agreement;

(c) The releases set forth in paragraph 2(c) of the Settlement Agreement shall become effective upon payment of the Administrative Claim Fund to the Debtors; and

(d) The Estate Releasing Parties, as such term is defined in the Settlement Agreement, shall execute and deliver to CIT releases in favor of the other members of the Lender Group, as such term is defined in the Settlement Agreement, in the form attached as Exhibit 3 to the Settlement Agreement and such releases shall be effective upon payment of the Administrative Claim Fund to the Debtors.

5.      Sun has an allowed secured claim secured by a superpriority lien and security interest in the cash and other assets of the Debtors' estates in an amount equal to $2,000,000, plus at least $200,000.00 of accrued and unpaid interest as of May 31, 2012 and at least $250,000 in fees and costs incurred as of May 31, 2012.

6.      The failure specifically to describe or include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such a

3

PHIL1 2511986v.2

provision, it being the intent of this Court that the Settlement Agreement be approved in its entirety; provided that to the extent of any conflict between the provisions of this Order and the Settlement Agreement, this Order shall govern.

7.    The Clerk of the Court is authorized to take all necessary and appropriate actions to give effect to the Settlement Agreement.

Dismissal Of Debtors' Chapter 11 Cases

8.    Upon payment of the Administrative Claim Fund to the Debtors, the Debtors shall pay the aggregate sum of $200,000 from the Administrative Claim Fund to the professionals retained by the Committee on account of previously approved and unpaid fees and expenses.

9.    Unless a later date is agreed to by the Debtors, Sun, and the Committee, within sixty (60) days following the Effective Date, the Debtors shall determine (a) in consultation with the Committee and Sun, the identity of the holders and the amount of the Administrative Claims, as such term is defined in the Settlement Agreement (the "Administrative Claims"), and (b) in consultation with the Committee, the identity of the holders and the amount of the Allowed GUC Claims.

10.    Upon reconciliation of the Administrative Claims, the Debtors shall pay in full the Administrative Claims.  Upon payment in full of the Administrative Claims as provided in the Settlement Agreement, Sun shall indefeasibly transfer to the Trust, as such term is defined in the Settlement Agreement, as a collateral carve-out from its allowed secured claim and superpriority liens on the assets in the Debtors' estates including the balance of the Administrative Claim Fund after payment in full of the Administrative Claims, a sum equal to all of the remaining funds in the estates (the "Carve-out").  The Trust shall pay from the Carve-Out (i) first, the Allowed

4

Resolved Priority Claims and (ii) thereafter, with the remaining balance of the Carve-Out funds, the holders of the Allowed GUC Claims on a pro rata basis.

11.    Upon payment in full of the allowed Administrative Claims, and after the completion of the transfer of the Carve-out to the Trust, the Debtors and the Committee, by counsel, shall file with this Court a certification substantially in the form of Exhibit 4 attached to the Settlement Agreement that all allowed Administrative Claims have been paid in full and the Carve-out has been transferred to the Trust, and thereupon, the Clerk, without further order of the Court, shall mark the Chapter 11 cases dismissed on the docket as of the date the certification is entered on the docket.

12.    Each Party shall bear its own costs and expenses in connection with the Adversary Proceeding and the Settlement Agreement.

## Berrios Objection Resolution

13.    The withdrawal of the objection by Naysha Berrios, Individually and as Administratrix of the Estate of Cassandra Berrios (collectively, "Berrios") and the treatment of the claims filed by Berrios (the "Berrios Claims") in these bankruptcy cases pursuant to the Settlement Agreement shall not impact or prejudice in any way those proceedings presently pending in Providence County Superior Court, entitled Naysha Berrios, Individually and as Administratrix of the Estate of Cassandra Berrios v. Jevic Transportation, Inc.,. Craig G. Benfield; First Student, Inc.; Ilba Berrios, Alias; Saia, Inc.; Saia Motor Freight Line , LLC, Alias; and National Union Fire Insurance Company Of Pittsburgh, Superior Court, C.A. No. PO4-2390 (the "Superior Court Action").

14.    The treatment of the Berrios Claims in this bankruptcy proceeding shall not serve as a bar to the Superior Court Action and shall not be relied on or raised as a defense by any

5

PHIL1 2511986v.2

party in the Superior Court Action, including, but not limited to, res judicata, estoppell, accord &

satisfaction, waiver of claims, laches, or any other defenses that may be raised by Jevic or any

other party in the Superior Court Action. The treatment of the Bankruptcy Claims shall not serve

to preclude recovery by or on behalf of Berrios as against Jevic, Saia, Inc, or Saia Motor Freight

Line, LLC or any other party in accordance with the terms and conditions of the settlement

agreement entered into by and between Saia, Inc., Saia Motor Freight Line LLC, Jevic Holding

Corp. and other parties (the "Saia Agreement") approved by the Bankruptcy Court by Order

dated September 19, 2008 (D.I. 267) (the "Saia Order") and as against any insurance coverage

which was in full force and effect on the date of this eventuality.

15.    Nothing in this order or resulting from the treatment of the Berrios claims in this

bankruptcy proceeding shall impair Berrios from pursuing any judgment obtained in the Superior

Court Action in accordance with (i) the Saia Agreement and the Saia Order or (ii) the documents

contained in the *Exhibit of Documents Relating to Superior Court Action* [Docket No. 1489]

filed by Berrios on November 12, 2012, including (a) the insurance coverage afforded for this

eventuality described in the affidavit of Gary Swanson dated July 31, 2012 and (b) the Indemnity

Agreement dated March 2, 2000 between non-debtor parties USF&G Co., ABC Trucking, Inc.,

and Regional Holding Corporation.

6

<u>Additional Relief</u>

16.     Notwithstanding entry of this Order, all stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Chapter 11 Cases shall remain in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

17.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December ___, 2012
Wilmington, Delaware

The Honorable Brendan L. Shannon
United States Bankruptcy Court Judge

7

PHIL1 2511986v.2